IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MOBILITY ELECTRONICS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | 5:04-CV-103-DF |
| FORMOSA ELECTRONIC INDUS., INC., ET AL., | § § § | |
| Defendants. | § § | |

**O R D E R**

    Before the Court is Plaintiff Mobility Electronics, Inc.'s Application for a Preliminary Injunction Against Defendant Formosa Electronic Industries, Inc. Dkt. No. 55. Also before the Court is Defendant's response, Plaintiff's reply, and Defendant's surreply. Dkt. Nos. 87, 93, and 106, respectively. On August 15, 2005, the parties were heard on this application. Having considered the briefing and presentations by the parties as well as the applicable law and facts of this matter, the Court finds that Plaintiff's application for a preliminary injunction is not well taken and should be **DENIED.**

    Plaintiff moves to preliminarily enjoin Defendant from the alleged infringement of its patents and the alleged improper use of its trade secret and confidential information. Defendant responds that Plaintiff cannot establish the requirements for granting such extraordinary relief and therefore the request should be denied.

    Injunctions are not issued for every wrong. The basis for granting injunctive relief under Fed. R. Civ. P. 65 has traditionally been, "irreparable injury and the inadequacy of legal remedies." *See*

*Weinberger v. Romero Barcelo,* 456 U.S. 305, 312 (1982). When a movant seeks a preliminary injunction, the Fifth Circuit focuses on whether the movant can establish the following factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Sunbeam Prods., Inc. v. West Bend Co.,* 123 F.3d 246, 250 (5th Cir. 1997); *see Allied Mktg. Group, Inc. v. CDL Mktg., Inc.,* 878 F.2d 806, 809 (5th Cir. 1989). Requests for preliminary injunctions will be denied based on a failure to prove separately each of these four elements. *Plains Cotton Coop. Ass'n v. Goodpasture Computer Serv., Inc.,* 807 F.2d 1256, 1261 (5th Cir. 1987).

Plaintiff argues that a substantial threat exists that it will incur imminent irreparable harm absent an injunction. Defendant argues such harm cannot be demonstrated because: Plaintiff's alleged damages are quantifiable; the allegedly trade secret or confidential information in Defendant's possession does not enable copying of Plaintiff's product or aid in the development of an advanced, competing product; and no proof exists that Plaintiff will not be able to enforce a monetary damages award.

Plaintiff fails to demonstrate irreparable harm. In this case, money damages appear adequate and quantifiable. Defendant has sold only a de minimis number of the accused products within the United States. D. Resp. at Ex. 9, 171-72 (Mollo Depo.); *id.* at Ex.16. Further, the domestic sales of the accused product have nearly stopped as distributors have become aware of Plaintiff's infringement allegations. *Id.* at Ex. 9, 127- 31, 134-36, 171-72; *id.* at Ex.24. Under such circumstances, monetary damages can be calculated under a lost profits model. The Court also notes that, as the defendant has largely been kept out of the United States market, the balance of hardships

is in Defendant's favor. It is hereby

**ORDERED, ADJUDGED and DECREED** that Plaintiff's Application for a Preliminary Injunction Against Defendant Formosa Electronic Industries, Inc. is **DENIED.**

**SIGNED this 22nd day of December, 2005.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE